IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| PARIS L. HOWELL, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2: 22-cv-00537 |
| ) | |
| vs. ) | United States Magistrate Judge |
| ) | Cynthia Reed Eddy |
| SUPERINTENDENT OLIVER, THE ) | |
| ATTORNEY GENERAL OF ) | |
| PENNSYLVANIA, AND THE DISTRICT ) | |
| ATTORNEY OF MERCER COUNTY, ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**[1]

**CYNTHIA REED EDDY, United States Magistrate Judge**

Pending before the Court is the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed *pro se* by Paris L. Howell ("Howell" or "Petitioner"), a state prisoner in the custody of the Pennsylvania Department of Corrections. (ECF No. 5). He is challenging the judgment of sentence imposed on him on October 24, 2018, by the Court of Common Pleas of Mercer County, in criminal case number CP-43-CR-0000084-2018. For the reasons that follow, the Court will deny with prejudice the Petition and will deny a certificate of appealability as to each claim.

**I.      Jurisdiction**

This Court has jurisdiction under 28 U.S.C. §§ 2241 and 2254, the federal habeas statute

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment. (ECF Nos. 16 and 17).

1

applicable to prisoners in custody pursuant to a state court judgment. It permits a federal court to grant a state prisoner the writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable in a federal habeas action. *Id.*; see, *e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Indeed, the Court is bound by the state courts' determinations of state law. *See, e.g.*, *Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions'.") (quoting *Estelle*, 502 U.S. at 67-68).

It is Howell's burden to establish entitlement to the writ. 28 U.S.C. § 2254(a)*; see, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017). There are other prerequisites that Howell must satisfy before receiving habeas relief if appropriate. For example, the burden imposed on him by the standard of review enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (which is discussed below). But, ultimately, Howell cannot receive federal habeas relief unless it is established that he is in custody in violation of federal constitutional rights. 28 U.S.C. § 2254(a); *see, e.g.*, *Vickers,* 858 F.3d at 849.

## II.     Relevant and Procedural Background[2]

In June of 2018, following a two day trial, Howell was convicted of robbery, causing serious bodily injury. The victim was a 17 year old male. On October 24, 2018, Howell was

---

[2]     The factual background is taken from the 1925(a) Opinion of the trial court, dated March 27, 2020, but time stamped April 3, 2020 (ECF No. 7-21) and the Memorandum of the Superior Court dated October 9, 2020, but time stamped November 20, 2020, affirming the judgment of sentence (ECF No. 7-24). Respondents electronically filed as exhibits to their Answer (ECF No. 7) relevant parts of the state court record. For ease of reference, the Court uses the page numbers from the CM/ECF header. Respondents also submitted a certified copy of the Court of Common Pleas' file for Petitioner's criminal case, including copies of the transcripts for the jury selection, the jury trial, jury questions and verdict, and sentencing hearing.

sentenced to no less than eight (8) years to no more than twenty (20) years' imprisonment. He did not file a post-sentence motion or pursue a direct appeal.

On October 30, 2018, Howell filed his first *pro se* petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"). (ECF No. 7-8). Attorney Jarrett K. Whalen was appointed PCRA counsel, who filed an Amended Petition, raising two ineffective assistance of counsel claims:

> (1) trial counsel was ineffective for failing to object to the exclusion / striking of an African American juror by the Commonwealth during the jury selection process; and (2) trial counsel was ineffective for failing to advise Defendant that Defendant could waive a jury trial and, alternatively, ask for a bench trial.

(ECF No. 7-10). On June 25, 2019, the parties entered into a stipulation whereby Howell withdrew the pending PCRA petition, and the following day, the trial court reinstated his post-sentence and direct appeal rights. (ECF No. 7-11). Howell, through Attorney Whalen, subsequently filed a post-sentence motion *nunc pro tunc* to modify sentence (ECF No. 7-12), which the trial court denied on September 24, 2019. (ECF No. 7-13). Howell did not pursue a direct appeal.

On December 16, 2019, Howell filed a second PCRA petition, alleging that appointed counsel had failed to file a notice of appeal from the trial court's denial of the motion to modify sentence. (ECF No. 7-14). The Court appointed Attorney David Raymond Gloss to represent Howell. (ECF No. 7-17). By Order entered January 27, 2020, the trial court granted the PCRA petition and reinstated Howell's direct appeal rights. (ECF No. 7-18).

Howell, through counsel, filed a timely notice of appeal *nunc pro tunc* on February 18, 2020. (ECF No. 7-19). On direct appeal, counsel raised two claims:

> (1) whether the Jury's verdict is inconsistent in that he was acquitted of the second charge of Aggravated Assault, which includes infliction of serious bodily injury, and yet found guilty of Robbery with infliction of serious bodily injury; and

>  (2) trial counsel failed to highlight several issues which should have led the jury to find that the Commonwealth had failed to sustain its burden of proof on the Robbery charge.

(ECF No. 7-20).  The Superior Court affirmed the judgment of conviction denying on the merits the first claim and deferring the ineffectiveness claim until collateral review.  *See Commonwealth of Pennsylvania v. Howell*, No. 261 WDA 2020 (Super. Ct. 2020) (ECF No. 7-24).  No further appeals followed.

With his direct appeal exhausted, Howell on November 20, 2020, filed a timely petition for relief under the PCRA, raising two ineffective assistance of counsel claims: (1) trial counsel was ineffective for failing to conduct testing on a glove for exculpatory evidence and (2) trial counsel was ineffective in failing to "elaborate on weaknesses on prosecution's case to the jury. (ECF No. 7-25). The Court appointed Attorney Victor C. Heutsche to represent Howell through his PCRA proceedings.  (ECF No. 7-26).  On February 25, 2021, Attorney Heutsche filed a *Finley/Turner* no-merit letter and a Motion to Withdraw.  (ECF No. 7-27).  On March 22, 2021, the PCRA court granted Attorney Heutsche's motion to withdraw and issued a Notice of Intention to Dismiss pursuant to Pa.R.Crim.P. 907.  (ECF No. 7-28). The Notice of Intention to Dismiss notified Howell that he had twenty (20) days to respond to the Notice or he may elect to proceed *pro se* or with privately retained counsel.  (ECF No. 7-28).[3]  Howell did not respond to the March 22, 2021, Notice of Intention to Dismiss, and as a result, by Order entered October 19, 2021, the PCRA court dismissed the PCRA petition filed on November 20, 2020 and provided Howell with

---

[3] The PCRA Court's 1925(a) Opinion indicates Powell presented a third claim in a December 3, 2020 *pro se* PCRA Petition arguing that he was prejudiced by the racial make-up of the jury panel. Although the filing was not accepted for filing as Powell was represented by counsel, the PCRA court denied the third claim. (ECF No. 7-28, n.3). This document is not included in the original state court record.

4

notice of his right to appeal within thirty (30) days. (ECF No. 7-33). No further state court review was sought by Howell.

As noted above, Howell did not respond to the Notice of Intention to Dismiss within the court ordered deadline. Rather, he filed three untimely PCRA petitions: the first on August 27, 2021 (ECF No. 7-29), which was denied by the PCRA Court on September 1, 2021 as untimely (ECF No. 7-30); the second on October 18, 2021 (ECF No. 7-31), which was denied by the PCRA Court as untimely on October 19, 2021 (ECF No. 7-32); and the third on January 12, 2022 (ECF No. 7-34), which was denied by the PCRA Court as untimely on January 26, 2022. (ECF No. 7-35).

Having been denied relief in state court, on April 11, 2022, the Court received Howell's habeas petition pursuant to 28 U.S.C. § 2254 ("Petition") (ECF No. 1). It was not accompanied by either the filing fee or a motion for leave to proceed *in forma pauperis*. On May 11, 2022, the filing fee was paid and the Petition was formally docketed. (ECF No. 5). Respondents filed a timely Response asserting that Howell is not entitled to federal habeas relief because his claims are procedurally defaulted and/or without merit. (ECF No. 7). The Court has reviewed the filings of the parties, as well as the state court record, including the transcripts for the jury selection, the jury trial, jury questions and verdict, and sentencing hearing. The matter is fully briefed and ripe for disposition.

**III.   The Standard for Habeas Relief Under 28 U.S.C. § 2254**

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, enacted on April 24, 1996 ("AEDPA"), "which imposes significant

procedural and substantive limitations on the scope" of the Court's review. *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017), *cert. denied*, 583 U.S. 1159 (2018).

A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards proscribed by 28 U.S.C. § 2254, which provides in part as follows:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States,
>
> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State . . . . .

28 U.S.C. § 2254.

As the statutory text implies, the standard that state prisoners must meet in order to obtain habeas relief is exacting. *See Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) ("Habeas corpus . . . is an 'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." (quoting *Calderon v. Coleman*, 525 U.S. 141, 146 (1998)).  Indeed, federal courts may consider a § 2254 petition 'only on the ground that [the petitioner] is in custody of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.  Federal habeas relief, therefore, does not lie for violations of state law that lack a constitutional dimension.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2004).

The same principles that inform the standard of review in habeas petitions also call upon federal courts to give appropriate deference to the factual findings and legal rulings made by the state courts in the course of state criminal proceedings.  This deference mandated by § 2254 has

two critical components.  Under § 2254(d), habeas relief is not available for any claim that has been adjudicated on the merits in the state courts unless it can be shown that the decision was either: (1) "contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1) and (2).

Noting that these standards are intentionally difficult to meet, the Supreme Court has underscored that the language "clearly established Federal law" for purposes of 28 U.S.C. § 2254(d)(1) encompasses only the holdings of Supreme Court decisions, and that an "unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice."  *White v. Woodall*, 572 U.S. 415, 419 (2014).  In addition, the determination of a factual issue by a state court is presumed to be correct unless the petitioner can show by clear and convincing evidence that this factual finding was erroneous.  28 U.S.C. § 2254(e)(1).

Various standards must be met before the Court can review the merits of Powell's habeas petition.

## IV.  Procedural Benchmarks – Exhaustion and Procedural Default[4]

### A.  Exhaustion of State Court Remedies

Among AEDPA's procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court.  28 U.S.C. § 2254(b).  The "exhaustion doctrine" requires that a state prisoner raise his federal

---

[4]  The first consideration in reviewing a federal habeas petition is whether the petition was timely filed under AEDPA's one-year limitations period.  28 U.S.C. § 2244(d).  Respondents do not dispute that Howell's petition was timely filed and the Court agrees.

constitutional claims in state court through the proper procedures before he litigates them in a federal habeas petition. *See, e.g.*, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). It is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). It "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner must have "invoke[d] one complete round of the State's established appellate review process[,]" in order to satisfy the exhaustion requirement. *Id*. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have first presented every federal constitutional claim raised in his federal habeas petition to the Superior Court either on direct or PCRA appeal. *See, e.g., Lambert,* 387 F.3d at 233-34.[5]

**B.     Procedural Default**

If a claim has not been fairly presented "to the state courts but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play." *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).  The doctrine of procedural default serves as a corollary to the exhaustion requirement and provides a basis for a federal court to refuse to review a habeas claim.  Federal courts may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate "cause" to excuse the default and "actual prejudice resulting from the alleged constitutional violation" or a miscarriage of justice

---

[5]     On May 9, 2000, the Supreme Court of Pennsylvania issued Order No. 218 declaring that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement. *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) (per curiam). The Court of Appeals for the Third Circuit has recognized the validity of this Order.  *See Lambert v. Blackwell,* 387 F.3d 210, 233-34 (3d Cir. 2004).

will result if the claims are not considered.[6] *Preston v. Superintendent Graterford SCI,* 902 F.3d 365, 375 (3d Cir. 2018) (quoting *Davila v. Davis*, 582 U.S. 521(2017) (quoting *Wainwright v. Skyes*, 433 U.S. 72 (1977)), *cert. denied*, 139 S. Ct. 1613 (2019)). The burden lies with a petitioner to demonstrate circumstances that would excuse a procedural default. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750.

"Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted). To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner has established grounds to excuse the default, the standard of review of §2254(d) does not apply and the federal court reviews the claim "de novo because the state court did not consider the claim on the merits." *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017) (citation omitted). In any event, in all cases and whether or not the § 2254(d) standard of review applies, the state court's factual determinations are presumed to be correct under § 2254(e)(1) unless the petitioner rebuts that presumption by clear and convincing evidence. *Palmer v. Hendricks*, 592 F.3d 386, 392 (3d Cir. 2010); *Nara v. Frank*, 488

---

[6] Petitioners, alternatively, can overcome a procedural default by demonstrating that the court's failure to review the defaulted claim will result in a fundamental miscarriage of justice. "However, this exception is limited to a 'severely confined category [] [of] cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'." *Preston v. Superintendent Graterford SCI,* 902 F.3d 365, 375 n.11 (3d Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (internal alteration in original) (quoting *Schlup v. Delo*, 514 U.S. 298, 329 (1995)).

9

F.3d 187, 201 (3d Cir. 2007) ("the § 2254(e)(1) presumption of correctness applies regardless of whether there has been an 'adjudication on the merits' for purposes of § 2254(d).") (citing *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir. 2001)).

Howell's claims will be reviewed with these standards in mind.

**V.     Discussion**

Howell raises two grounds for habeas corpus relief, which are both related to the victim's identification of Howell: (1) a due process violation based upon the victim's own "confession" and (2) an ineffective trial counsel assistance claim for refusing to pursue a motion for suppression relating to the victim's identification. (ECF No. 5 at pp. 5, 7). Respondents argue that Howell is not eligible for federal habeas relief because both claims are procedurally defaulted. (ECF No. 7). Specifically, Respondents argue that because Howell only raised the issues in his timely filed PCRA petition, and did not appeal the denial of that petition to the Superior Court, neither of these claims was subject to one complete round of state court review required for exhaustion. *O'Sullivan*, 526 U.S. at 845. "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process'." *McCandless*, 172 F.3d at 260 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state courts meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Thus, Howell's claims are technically exhausted, as any attempt to now exhaust those claims would be futile.[7]

---

[7]     *See* 42 Pa. Const. Stat. Ann. §§ 9543(a)(3); 9544(a)(3) and 9545(b); Pa. R. App. P. 903(a) (requiring appeals from Court of Common Pleas orders to be filed within 30 days after issuance of the order in question).

10

Nevertheless, without more, technical exhaustion does not allow a federal court to proceed to the merits of a claim. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Rather, such claims are procedurally defaulted and prevented from habeas review "unless [Howell] establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his [] default." *McCandless*, 172 F.3d at 260 (citing *Coleman*, 501 U.S. at 750).

As noted above, if a petitioner has failed to exhaust his state court remedies on a claim and the state court would now refuse to review the claim based on a state procedural rule, this Court may deny the claim as procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1. Because Howell's claims are procedurally defaulted, this Court may only review the merits of those claims if he can demonstrate either "cause and prejudice" or that a fundamental miscarriage of justice will result if the claims are not considered. *Lines,* 208 F.3d at 160; *McCandless*, 172 F.3d at 260. It is Howell's burden to demonstrate circumstances excusing procedural default. *Coleman*, 501 U.S. at 750; *Swegar v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002).

Howell has not met this burden. He did not respond to Respondents' arguments that his claims are procedurally defaulted, he has not advanced any specific arguments as to why this Court should excuse the procedural default of his claims, and there is nothing in the record that reveals cause or prejudice to excuse the default. Even if the Court liberally construes the claims to include an ineffectiveness by his PCRA counsel to file a collateral appeal, as an argument to excuse the procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012), such a claim fails. Under *Martinez*, ineffectiveness of PCRA counsel may excuse procedural default in some circumstances. *See id*. at 17. Those circumstances, however, are not present in the instant case. The procedural default of Howell's claims occurred when he failed to appeal the dismissal of his PCRA petition, and *Martinez* does not apply when a claim is procedurally defaulted in a collateral appeal. *See Norris*

*v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015).  Also, denying review of Howell's claims would not constitute a fundamental miscarriage of justice because he fails to present any "new reliable evidence" of actual innocence.  *See Schlup v. Delo*, 514 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

For all these reasons, the Court finds that Howell has not established grounds to excuse his default and, as a result, his claims are not subject to habeas review.  Therefore, Howell's Petition will be denied with prejudice.

## VI.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A).  It also provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Applying those standards here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied . The Court, therefore, will not issue a certificate of appealability on either of Petitioner's claims.

## VII. Conclusion

All of Howell's claims are procedurally defaulted. Therefore, the instant habeas petition for writ of habeas corpus will be denied with prejudice. Because reasonable jurists would not debate the disposition of these claims, a certificate of appealability will not issue for any claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

Dated:  March 5, 2024                                    BY THE COURT:

                                                         s/Cynthia Reed Eddy
                                                         Cynthia Reed Eddy
                                                         United States Magistrate Judge

cc:     PARIS L. HOWELL
        NU7451
        SCI ALBION
        10745 ROUTE 18
        ALBION, PA 16475-0001
        (via U.S. First Class Mail)

        All Counsel of Record
        (via ECF electronic notification)